UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

ADAM FOX,
BARRY CROFT,
TY GARBIN,
KALEB FRANKS,
DANIEL HARRIS, and
BRANDON CASERTA,

        Defendants.
_____/

No. 1:20-mj-416

Hon. Sally J. Berens
United States Magistrate Judge

**GOVERNMENT'S UNOPPOSED MOTION FOR AN ENDS OF JUSTICE
CONTINUANCE TO EXTEND TIME FOR FILING INDICTMENT**

    The United States requests a 40-day extension of time, up to and including December 16, 2020 in which to seek an indictment against the defendants. In support, the government states as follows.

## FACTS

    1.    On October 7, 2020, the defendants were arrested for conspiring to kidnap the Governor of Michigan. (R. 1: Criminal Complaint, PageID.1.) The ongoing investigation involves multiple FBI field offices in several states, including Michigan, Delaware, and Wisconsin. The FBI has collected hundreds of hours of audio recordings from confidential human sources and undercover agents, and is still in the process of collating that material. Because of the imminent nature of the threat, law enforcement was obliged to arrest the subjects before this evidence could be processed. In particular, lead defendant Adam Fox stated on

multiple occasions that the group's deadline for executing the plot was the November 3, 2020 national election. (R. 39: Transcript of Preliminary Hearing, PageID.100.)

2. FBI and Michigan State Police also recovered voluminous evidence incident to the defendants' arrests, and during the contemporaneous execution of premises warrants. This evidence included computers and cellular telephones, which must be forensically analyzed as authorized by this and other U.S. District Courts. The evidence also included potentially illegal firearms and explosives evidence, which must be examined by FBI and ATF experts to determine whether additional federal charges are appropriate.

3. On October 13 and 16, 2020, this Court held preliminary and detention hearings for defendants Adam Fox, Ty Garbin, Kaleb Franks, Daniel Harris, and Brandon Caserta. This Court found probable cause to bind the case over for further proceedings before the grand jury, and remanded those five defendants to the custody of the U.S. Marshal. (R. 51: Order, PageID.270.)

4. Defendant Barry Croft made his initial appearance in Delaware, and waived his Rule 5(c)(3) hearings. (R. 43: Rule 5 transfer documents, PageID.252-61.) The U.S. District Court for the District of Delaware committed Croft to the custody of the U.S. Marshal for transfer to this District. (*Id.,* PageID.43–5, PageID.262.) Croft reserved his right to preliminary and detention hearings in Western Michigan, and will need to be appointed local counsel. (*Id.,* PageID.261-2.) It has not been determined when Croft will appear in this district.

5. The government would under normal circumstances be required to seek an indictment within 30 days of the defendants' arrests. That deadline falls during the week of November 2, when a new grand jury is being empaneled. Due to the extraordinary volume of collected and recovered evidence to be analyzed, the government cannot complete its

investigation within 30 days of arrest, while exercising due diligence to ensure the charges fairly reflect the defendants' conduct.[1]

6.      Pursuant to L.Cr.R. 12.4, the government has consulted with defense counsel for all the charged defendants, including Mr. Croft. All counsel have advised that they concur in the filing of this motion.

## LAW AND ANALYSIS

The Speedy Trial Act provides that under normal circumstances, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(b). The statute specifically provides for excludable delay in the filing of an indictment, however, when the Court finds "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The statute lays out factors the court must consider in determining whether to grant a continuance. 18 U.S.C. § 3161(h)(7)(B). One is "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within [30 days], or because the facts upon which the grand jury must base its determination are unusual or complex." 18 U.S.C. § 3161(h)(7)(B)(iii). "In a case which, taken as a whole, is not so unusual or complex" as to fall within the clause above, the court should consider whether the failure to grant it would

---

[1] One defendant, for instance, has proffered through counsel that he affirmatively withdrew from the conspiracy. Although a preliminary examination of the evidence does not confirm that claim, the government intends to conduct a thorough review to identify any potentially exculpatory evidence before submitting proposed charges to the grand jury.

"deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Courts have held a continuance is justifiable where the investigation is ongoing and incomplete at the time of the defendants' pre-indictment arrest. *See, e.g.*, *United States v. Marin,* 7 F.3d 679, 683 (7th Cir. 1993).

A continuance is appropriate under Sections 3161(h)(7)(B)(iii) and (iv). The arrest occurred before the investigation could be completed because of the defendants' own accelerated timetable for executing their plot. While kidnapping itself may not always be *per se* a complex offense, the facts upon which the grand jury must base its determination are unusual for their sheer volume in this case. The evidence includes hundreds of hours of undercover audio recordings that have yet to be catalogued and transcribed, and as of the time of this motion, over 13,000 pages of encrypted text messages. The amount of additional audio, video, and message content yet to be discovered and processed from the defendant's devices seized on October 7, 2020 is undetermined, but certain to be voluminous. In addition, firearms and explosive device components were recently recovered, and must be analyzed to determine whether charges under the National Firearms Act, explosives, or anti-terrorism statutes are warranted.

Even if the Court does not conclude the case is unusually complex, the government cannot exercise due diligence in determining which defendants to charge with what offenses by the default 30-day deadline. By their concurrence, the defendants acknowledge it is in their own interests that the government have adequate time to review and present the evidence to the grand jury. Finally, defendant Croft has yet to appear in the district, making it a near certainty that at least one defendant will request a continuance in any event.

4

WHEREFORE, the government requests the Court grant a 40-day extension of time, up to and including December 16, 2020 in which to seek an indictment against the defendants.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Date: October 26, 2020

*/s/ Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
nils.kessler@usdoj.gov